[652 NYS2d 266]

In the Matter of HOWARD S. RIPPS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 7, 1997

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Murray Richman* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Howard S. Ripps was admitted to the practice of

law in the State of New York by the First Judicial Department on February 4, 1980 and at all times relevant to this proceeding has maintained an office for the practice of law within this Department.

On or about September 9, 1993, respondent was served with a notice and statement of charges. Three supplemental notices and statements of charges were served dated April 8, 1994, October 13, 1994 and February 7, 1995. The charges allege that respondent engaged in a pattern of neglect of clients' cases over several years, in some instances causing his clients to default on their actions. Respondent was also charged with improperly withdrawing from a criminal case by abandoning his client without submitting a proper motion, as explicitly directed by the court. He also was charged with failing to promptly deliver the files to his client's new attorney. Respondent was further charged with falsely telling his client that her case in Bronx Supreme Court was still pending and ready to be tried when he knew it had already been dismissed. Respondent served opposing counsel in that action with a motion to vacate a dismissal order in which he falsely affirmed that the reason he had not opposed their motion to dismiss was because the motion was lost in his office. By engaging in the aforementioned misconduct, respondent was charged with violating Code of Professional Responsibility DR 1-102 (A) (4), (5) and (7) (now [8]), DR 2-110 (A) (1) and DR 9-102 (C) (4) (22 NYCRR 1200.3, 1200.15, 1200.46).

On or about December 23, 1993, respondent served an answer in which he denied that five of the complainants were his clients.

A Hearing Panel heard testimony on five dates and received evidence relating to the charges and as to sanction. The hearings, in which the respondent was represented by counsel, resulted in the sustaining of 22 charges pertaining to eight separate legal matters.

The Hearing Panel found that respondent neglected legal matters entrusted to him in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30), in that he was retained by John Timlin, Vivian Alonso and Marisa Cozzi, Dennis Whyte, Adele Allen, Marilyn Labriola, Ramdyal Sudial and Maria Fairhurst to handle various legal matters and lawsuits on behalf of those clients and failed to do so or to apprise them of the correct status of their matters.

Respondent was guilty of engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR

1-102 (A) (4), in that he misrepresented to a client the status of the matter which he had been retained to handle, and knowingly failed to advise his client that her case had been dismissed.

Respondent was guilty of withdrawing from employment without permission in violation of DR 2-110 (A) (1), in that he withdrew from a criminal case in Supreme Court, New York County, but failed to file a motion to be relieved as directed by the court.

Respondent was guilty of engaging in conduct that is prejudicial to the administration of justice in violation of DR 1-102 (A) (5), in that he failed to notify the Disciplinary Committee by the end of 1992, as directed, as to whether he completed the Allen matter, or giving an explanation as to why he had not done so, and he violated an explicit directive of the court by failing to file a motion when withdrawing from a criminal case in Supreme Court, New York County.

Respondent was guilty of failing promptly to deliver to a third person, as requested, property in his possession which said person was entitled to receive in violation of DR 9-102 (C) (4), in that he failed to provide the new attorney of clients with their files until a year and one half after they were requested, requiring the new attorney to move for a court order to compel him to turn over the files.

By virtue of the foregoing findings and conclusions, respondent was also guilty of engaging in conduct which reflects adversely on his fitness to practice law in violation of DR 1-102 (A) (7) (now [8]).

In mitigation, the Hearing Panel considered the testimony of Justices Elbert Hinkson and Gerald Sheindlin, Supreme Court, Bronx County, that respondent represents his clients with the utmost professionalism and enjoys an excellent reputation as a trial lawyer. The Hearing Panel also considered respondent's testimony that he is afflicted with Epstein-Barr disease and sleep apnea, for which he has been undergoing medical treatment.

In aggravation, the Hearing Panel considered two letters of admonition issued to respondent on October 4, 1990 and December 30, 1992 for neglecting two legal matters.

The Panel then recommended that respondent be suspended from the practice of law for a period of one year.

While we agree with the Hearing Panel as to its findings and conclusions, we cannot agree with the recommended sanction.

Respondent's prior record of admonitions calls for a greater period of suspension than that recommended by the Panel, and we conclude respondent should be suspended for a period of three years.

Accordingly, the Committee's motion to confirm the Hearing Panel's report as to findings and conclusions should be granted, but the Panel's recommendation is disaffirmed, and the respondent is suspended from the practice of law for a period of three years, effective immediately.

MILONAS, J. P., ELLERIN, NARDELLI, RUBIN and WILLIAMS, JJ., concur.

The petition is granted to the extent of confirming the Hearing Panel's report as to the findings and conclusions, but the Panel's recommendation is disaffirmed, and respondent is suspended from the practice of law in the State of New York for a period of three years, effective January 7, 1997, and until the further order of this Court.