[797 NYS2d 475]

In the Matter of ROBERT M. KUHNREICH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 23, 2005

---

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Roberta Kolar* of counsel), for petitioner.

*Benjamin Brotman & Associates, P.C.* (*Michael A. Gentile* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Robert M. Kuhnreich was admitted to the practice of law in the State of New York by the Second Judicial Department on June 11, 1986. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was charged in April 2004, by the Disciplinary Committee with 14 violations of the Code of Professional Responsibility arising from his conduct in neglecting four legal matters, failing to properly withdraw from these matters, failing to return fees for services not provided, failing to carry out contracts of employment, and engaging in conduct that adversely reflected upon his fitness as a lawyer. Subsequently, the Committee withdrew counts 3 and 7 and part of count 14 and amended the complaint to reflect 12 counts.

On June 14, 2004, respondent entered into a prehearing stipulation whereby respondent admitted liability as to 11 of the 12 amended counts against him. At the hearing before the Referee held on June 14 and 21, 2004, respondent testified on the issues

of liability, mitigation and sanction. During this hearing, respondent conceded liability as to the one disputed count

The Referee determined that respondent neglected legal matters in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [4 counts]), abandoned his law practice by failing to advise his clients that he was closing his office in violation of DR 2-110 (a) (2) (22 NYCRR 1200.15 [4 counts]), failed to carry out a contract of employment in violation of DR 7-101 (a) (2) (22 NYCRR 1200.32 [2 counts]), failing to return unearned fees in violation of DR 2-110 (a) (3), and engaging in conduct which adversely reflects on his fitness as a lawyer in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3).

In aggravation, the Referee took into account three letters of admonition that had been issued against respondent for neglect. The first letter was issued in November 1994 which included a violation of DR 1-102 (a) (4) for respondent's misrepresentation of the truth to his client. The Committee noted therein that it was respondent's first complaint, he had made restitution and was continuing therapy and should provide periodic reports. The second letter was issued in July 1999 for his failure to file a notice of appeal "with serious consequences" to the client. The third admonition was issued in January 2000, and although the Committee could not find a copy of it, respondent acknowledged receiving it but could not remember the neglectful conduct described. The Committee also argued before the Referee that there were some 50 to 70 active files in respondent's office when he abandoned his practice and those clients "probably" suffered some harm. However, since no proof was presented at the hearing, the Referee found that argument to be speculative and rejected it in considering the imposition of an appropriate sanction.

In mitigation, respondent testified that he had been seeing a clinical social worker for psychotherapy since 1992, except from November 2000 to February 2002, the time period in which he abandoned his law practice. However, the only evidence of therapy submitted at the hearing was a letter from a psychiatrist stating that respondent had been seen on an intermittent basis since September 2003. This letter did not identify a diagnosis but indicated that medication had been prescribed. The Referee also considered that respondent is married with a nine-year old child, took steps to make his law practice more efficient, accepted responsibility for his misconduct and cooperated with the Committee. The Referee also noted there were no

4

complaints against respondent since his return to practice, that he made or was attempting to make restitution, and expressed remorse and contrition. Respondent did not present evidence of character, community service or pro bono work. Moreover, while respondent claimed he began therapy in 1992 to initially deal with professional and family issues, he still received seven disciplinary complaints between 1994 and 2001.

The Referee sustained all 12 charges and recommended suspension for a period of two years. Although the Committee recommended a suspension of five years, the Referee found that recommendation "harsh" and its length "tantamount to disbarment," recommending instead a suspension of two years.

A Hearing Panel heard oral argument on October 19, 2004. Their report, dated November 2, 2004, recommended adopting the Referee's findings of fact, with the sole exception of the finding that the respondent was the sole provider of his family. However, the Panel recommended an increased sanction of a three-year suspension. This recommendation was based upon respondent's pattern of misconduct, as well as the lack of medical evidence indicating that he presently suffers, or has suffered, from a diagnosable mental health disease which affects his ability to comply with the requirements of the code. While the Panel found respondent demonstrated "sincere remorse," was making restitution to his clients and made improvements to the organization of his practice, it noted he failed to introduce any evidence of good character, reputation or community service. Moreover, the Panel, unlike the Referee, accepted the Committee's argument that respondent's abandonment of his practice inflicted harm on clients who had not filed complaints against respondent and factored this into its recommendation as to an appropriate sanction to be imposed.

The Committee now seeks an order, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e), confirming the findings of fact and conclusions of law set forth in the Hearing Panel determination and the Referee's report, and imposing a suspension of no less than three years. Respondent has cross-moved for an order disaffirming the Hearing Panel's determination as it relates to the recommendation for a three-year suspension, and for an order imposing public censure or, in the alternative, a suspension of six months or less.

The findings of fact and conclusions of law regarding respondent's misconduct should be confirmed as they were admitted to by respondent and fully supported by the record.

We have consistently held that suspension is an appropriate sanction in disciplinary cases involving attorneys who have engaged in a pattern of neglect and have received prior admonitions (*Matter of Gentile*, 7 AD3d 37 [2004]; *Matter of Ripps*, 228 AD2d 129 [1997]). The Referee correctly rejected the Committee's argument that consideration should be given to the 50-70 clients who suffered "probable harm" by respondent's closed practice but did not file complaints, as the record is devoid of any evidence to support such a supposition. However, what is relevant to a sanction determination is the fact that respondent abandoned his practice without notifying his clients, most of who were immigrants, and did not respond to any correspondence that was forwarded to his home.

Respondent's neglect of four client matters was accompanied by a failure to return unearned fees and the abandonment of his law practice for a period of 14 months, without notification to his clients. Respondent has a disciplinary history involving neglect. While this solo practitioner with a wife and 9-year old child is sympathetic, and he fully cooperated and expressed remorse for his behavior, the seriousness of his collective misconduct requires more than a censure or a six-month suspension. Respondent's claim of psychiatric problems is unpersuasive since he failed to present medical evidence of his diagnosis or how it affected his behavior. Indeed, he failed to offer any specific explanation as to how his depressive symptoms prevented him from refunding unearned fees to his clients, or notifying them that he was closing his practice and their need to find new counsel. Finally, respondent failed to present any evidence of community or pro bono activities, nor did he present character evidence.

Respondent's disciplinary history and pattern of neglect and abandonment of his law practice demonstrated a total disregard of his obligations as an attorney which warrants a period of suspension (*Matter of Segal*, 190 AD2d 295 [1993]).

Accordingly, the Committee's petition should be granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, as modified herein, and respondent should be suspended for a period of two years. Respondent's cross-motion should be denied.

Tom, J.P., Friedman, Ellerin, Sweeny and Catterson, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of two years, effective July 25, 2005.