[6 NYS3d 663]

In the Matter of LORING NOEL SPOLTER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 22, 2015

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Kathryn Donnelly Gur-Arie* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order dated September 25, 2013, the Supreme Court of Florida suspended the respondent from the practice of law for one year (*The Florida Bar v Spolter,* 126 So 3d 1059 [Fla Sup Ct 2013]). The underlying facts resulting in this suspension, as set forth in the Referee's report dated July 9, 2012, revealed that the respondent represented a complainant in four separate cases, all pending before the Honorable William J. Zloch, United States District Court, Southern District of Florida. In each of those cases, the respondent filed motions to recuse Judge Zloch, alleging bias. Judge Zloch denied the motions, and referred the matter to a magistrate for an evidentiary hearing to determine whether there was any factual support for the respondent's accusations. After a hearing, Judge Zloch issued an order on December 30, 2009, finding that the respondent had filed frivolous pleadings and pleadings in bad faith or for an improper purpose. The order suspended the respondent from the practice of law for 42 months, fined him $10,000, and directed him to pay costs and attorneys' fees in the sum of $99,124. On appeal, the United States Court of Appeals for the Eleventh Circuit affirmed the sanctions order, finding that the respondent "failed to provide a scintilla of evidence supporting his claims of misconduct against Judge Zloch or the clerk's office."

On November 7, 2011, the Florida Bar filed a formal complaint against the respondent, alleging violations of Rules Regulating the Florida Bar rules 4-3.1 ("A lawyer shall not bring or defend a proceeding . . . unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law"); 4-3.5 (c) ("A lawyer shall not engage in conduct intended to disrupt a tribunal"); 4-8.2 (a) ("A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge"); and 4-8.4 (d) ("A lawyer shall not . . . engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis"). A motion by the Florida Bar for summary judgment was granted, followed by a hearing on June 12, 2012. As indicated in the Referee's report, the respondent showed little remorse and continued to maintain that his actions were correct and had a basis in law and fact.

By order dated April 10, 2014, the Supreme Court of Florida suspended the respondent for three years (*see The Florida Bar v Spolter,* 139 So 3d 889 [Fla Sup Ct 2014]), holding him in contempt of that court's order dated September 25, 2013.

By order dated June 5, 2014, the Supreme Court of Florida suspended the respondent (*see The Florida Bar v Spolter,* 145 So 3d 823 [Fla Sup Ct 2014]), holding him in contempt for his failure to respond to inquiries by the Florida Bar.

By order dated June 27, 2014, the Supreme Court of Florida disbarred the respondent, effective immediately (*see The Florida Bar v Spolter,* 151 So 3d 1230 [Fla Sup Ct 2014]).

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice pursuant to 22 NYCRR 691.3 informing him of his right to, within 20 days, file a verified statement setting forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c). Although duly served on November 12, 2014, with a copy of the notice by the Grievance Committee, the respondent has not filed a verified statement, and has not requested additional time in which to do so. Since he has neither asserted any defenses nor demanded a hearing, there is no impediment to the imposition of reciprocal discipline.

The records of the New York State Office of Court Administration reflect that the respondent is delinquent in his payment of attorney registration fees for three biennial periods: 2010-2011, 2012-2013, and 2014-2015.

Based on the findings of the Supreme Court of Florida, we find that reciprocal discipline is warranted. Accordingly, the Grievance Committee's application to impose reciprocal discipline is granted, and the respondent is disbarred, effective immediately.

ENG, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Loring Noel Spolter, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Loring Noel Spolter, shall comply with this Court's rules governing the conduct of

disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Loring Noel Spolter, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Loring Noel Spolter, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).