[53 NYS3d 641]

In the Matter of THEOPHILUS MARANGA (Admitted as THEOPHILUS FUSEINI-BART), an Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 9, 2017

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Jun H. Lee* of counsel), for petitioner.

*Theophilus Maranga,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Theophilus Maranga was admitted to the practice of law in the State of New York by the First Judicial Department on September 21, 1992, under the name Theophilus Fuseini-Bart. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was served with a notice and statement of nine charges arising from his representation in two unrelated immigration matters. Respondent was charged with failing to adequately supervise his nonlawyer secretary; engaging in a conflict of interest; neglecting a legal matter (two counts); failing to seek the lawful objective of a client; failing to keep a client reasonably informed about the status of a matter; failing to promptly inform a client of a material development in a matter (two counts); and engaging in conduct that adversely reflected on his fitness as a lawyer.

The Committee now seeks an order, pursuant to former Rules of the Appellate Division, First Department (22 NYCRR) §§ 603.4 (d) and 605.15 (e) (2), confirming the Hearing Panel's report and recommendation, and suspending respondent from the practice of law for two years, or, in the alternative, affirming the Referee's report and recommendation under Rules for Attorney Discipline Matters (22 NYCRR) § 1240.8 (b) (1) and suspending respondent for two years.*

We now affirm the Referee's report. Given that both the Referee and Hearing Panel reports are in complete agreement, there is no substantial prejudice to either party, nor would it be unjust or impracticable to apply section 1240.8 (b) (1).

The Referee's findings are amply supported by the documentary evidence and testimony presented by the Committee and

---

* The charges in this matter were brought under 22 NYCRR parts 603 and 605, which have been rescinded and replaced by 22 NYCRR part 1240, which does not provide for Hearing Panels.

thus affirmed. We also affirm the Referee's recommended sanction of a two-year suspension. In determining that a two-year suspension was warranted, the Referee appropriately considered the fact that respondent's neglect involved immigration clients who were "in serious jeopardy of being deported," that he did not accept any responsibility for his wrongdoing, that his prior disciplinary history involved similar misconduct, and that his mitigation did not carry much weight (*see e.g. Matter of Meyers*, 108 AD3d 158 [1st Dept 2013]).

Accordingly, the Committee's motion should be granted to the extent of affirming the Referee's findings of fact and conclusions of law, and respondent suspended from the practice of law in the State of New York for a period of two years, and until further order of this Court.

TOM, J.P., ACOSTA, RICHTER, MANZANET-DANIELS and KAHN, JJ., concur.

Respondent suspended from the practice of law in the State of New York for two years, effective the date hereof, and until further order of this Court.