Matter of Berman (2018 NY Slip Op 03493)





Matter of Berman


2018 NY Slip Op 03493


Decided on May 15, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,Justice Presiding,
Rosalyn H. Richter
Richard T. Andrias
Anil C. Singh
Peter H. Moulton,Justices.


M-112

[*1]In the Matter of David Charles Berman, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, David Charles Berman, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, David Charles Berman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 29, 1990.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Denice M. Szekely, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent David Charles Berman was admitted to the practice of law in the State of [*2]New York by the First Judicial Department on October 29, 1990. Respondent's last registered address with the Office of Court Administration was in New Jersey, where he is admitted to practice.
By order entered January 30, 2017, this Court suspended respondent from the practice of law, until further order of this Court, as part of a mass suspension proceeding, for failure to file attorney registration statements and pay biennial registration fees in violation of Judiciary Law § 468-a. To date, respondent has not registered nor has he been reinstated in New York.
By order filed May 4, 2017, the Supreme Court of New Jersey suspended respondent for two years for multiple violations of the New Jersey Rules of Professional Conduct (RPCs) for failing to keep a client reasonably informed, failing to withdraw from representation, failing to cooperate with disciplinary authorities, and other unethical acts (Matter of Berman, 228 NJ 628, 159 A3d 431 [2017]).
The Attorney Grievance Committee (Committee) now seeks an order pursuant the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and the doctrine of reciprocal discipline, disciplining respondent predicated upon the discipline imposed by the Supreme Court of New Jersey and directing him to demonstrate why discipline should not be imposed for the underlying misconduct, or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent was served with the Committee's motion, but he has not submitted a response.
In 2015, a New Jersey District Ethics Committee (DEC) filed a formal disciplinary complaint charging respondent with violating RPCs 1.1(a) (gross neglect), 1.1(b) (pattern of neglect), 1.3 (lack of diligence), 1.4(b) (failure to keep a client reasonably informed about the status of a matter), 1.4(c) (failure to explain a matter to the extent reasonably necessary to allow the client to make informed decisions), 1.16(a)(1) (failure to withdraw from a representation if that representation would result in the violation of the RPCs), 1.16(a)(2) (failure to withdraw from a representation when the lawyer's physical or mental condition materially impairs the lawyers ability to represent the client), 3.3(a)(5) (failure to disclose to the tribunal a material fact), 3.4(c) (knowingly disobey an obligation under the rules of a tribunal), 5.5(a)(1) (practicing law while ineligible), 8.1(b) and New Jersey Court Rule 1:20-3(g) (failure to cooperate with disciplinary authorities), 8.4(a) (knowingly violate the RPCs), 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and 8.4(d) (conduct prejudicial to the administration of justice).
Respondent did not answer and the matter was presented to the New Jersey Disciplinary Review Board (DRB) on a certification of default. By report dated November 18, 2016, the DRB found that the DEC's complaint alleged sufficient facts to support all charges except for the violation RPC 1.16(a)(2), deemed respondent's failure to answer an admission that the allegations in the complaint were true, and found that the allegations provided a sufficient basis for the imposition of discipline. As a sanction, the DRB found that respondent's overall misconduct and New Jersey case law warranted the imposition of a two-year suspension.
As noted above, by order filed May 4, 2017, the New Jersey Supreme Court adopted the DRB's decision and suspended respondent for two years. The Committee asserts that respondent failed to promptly notify the Committee of his discipline in New Jersey as required by 22 NYCRR 1240.13(d).
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; or (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.
As respondent has defaulted, he has not raised any of the aforementioned defenses, nor could he where he was provided with sufficient notice and an opportunity to be heard in the New Jersey proceeding. In addition, the findings of misconduct made by the Supreme Court of New [*3]Jersey were sufficiently supported by the record. Further, the misconduct for which respondent was disciplined in New Jersey, constitutes misconduct in this state in violation of New York Rules of Professional Conduct (22 NYCRR 1200) rules 1.3(a), 1.3(b), 1.4(a)(3), 1.4(b), 1.16(b)(1), 3.4(c), 5.5(a), 8.4(a), 8.4(c), and 8.4(d).
As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]). Only in rare instances will this Court depart from its general rule (see Matter of Kim, 138 AD3d 8, 11 [1st Dept 2016]). Given respondent's disciplinary history, the two-year suspension does not deviate significantly from this Court's precedent involving similar misconduct (see e.g. Matter of Joffe, 158 AD3d 11 [1st Dept 2018]; Matter of Maranga, 151 AD3d 31 [1st Dept 2017]; Matter of Alperin, 66 AD3d 309 [1st Dep 2009]; Matter of
Kuhnreich, 21 AD3d 1 [1st Dept 2005]).
Accordingly, the Committee's motion should be granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13, and respondent suspended from the practice of law in the State of New York for a period of two years, nunc pro tunc to May 4, 2017, and until further order of this Court.
All concur.
Order filed. [May 15, 2018]
Motion is granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13, and respondent is suspended from the practice of law in the State of New York, for a period of two years, nunc pro tunc to May 4, 2017; and until the issue of compliance with Judiciary Law § 468-a is resolved, and until further order of this Court.
Ordered that the motion is granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13, and respondent is suspended from the practice of law in the State of New York, for a period of two years, nunc pro tunc to May 4, 2017; and until the issue of compliance with Judiciary Law §
468-a is resolved and until further order of this Court.