Matter of Blaney (2020 NY Slip Op 04899)





Matter of Blaney


2020 NY Slip Op 04899


Decided on September 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 3, 2020

PM-114-20

[*1]In the Matter of Bryan Blaney, an Attorney. (Attorney Registration No. 2181774).

Calendar Date: August 28, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 1988 and is also admitted in his home state of New Jersey, where he lists a business address with the Office of Court Administration, as well as in Washington, DC. Respondent was suspended from the practice of law by July 2020 order of this Court due to his failure to fulfill his attorney registration requirements beginning with the 2016-2017 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 185 AD3d 1373 [2020]), and he remains suspended to date. Respondent has also been administratively suspended in Washington, DC since 1991 due to his failure to register there. During a period of time between 2013 and 2014, respondent was ineligible to practice law in New Jersey due to his similar failure to make a required annual attorney assessment. Notwithstanding his ineligibility, he continued to practice in New Jersey at that time. As a result, the Supreme Court of New Jersey reprimanded respondent in a May 2018 order and directed him to reimburse New Jersey disciplinary authorities for the costs of his prosecution (Matter of Blaney, 233 NJ 290 [2018]). Respondent failed to pay as directed and was thereafter suspended from the practice of law by September 2018 order of the Supreme Court of New Jersey pending his compliance (Matter of Blaney, 235 NJ 164 [2018]). He remains suspended in New Jersey to date. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent based upon his New Jersey misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [a]; Rules of the App Div, 3d Dept [22 NYCRR] § 806.13). Respondent has not responded to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13, this Court may impose discipline upon an attorney based on his or her established professional misconduct in a foreign jurisdiction. Although an attorney facing such sanctions may raise certain defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]), respondent has waived any available defenses by failing to respond to AGC's motion either directly or through the representation of counsel (see Matter of McCarthy, 166 AD3d 1465, 1466 [2018]; Matter of Sicklinger, 166 AD3d 1205, 1206 [2018]). We thus find the misconduct established (see Matter of Campbell, 160 AD3d 1200, 1201 [2018]).[FN1]
As to the appropriate disciplinary sanction, the unchallenged findings reflect that, due to his failure to timely pay certain registration fees, respondent engaged in the unauthorized practice of law in New Jersey for a period of roughly five months in 2013 and 2014. He also failed to comply with the May 2018 order directing his payment of costs related to his prosecution. In mitigation, among other factors, the record reflects that respondent cured his 2013-2014 registration deficiency immediately upon learning of his failure to make the required payment and that his error was inadvertent and based upon his misunderstanding that he had made the appropriate payment. In view of the record as a whole, and "in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct," we find that respondent should be censured under the circumstances presented (Matter of Leite-Young, 177 AD3d 1240, 1241-1242 [2019]; see Matter of Pavliv, 165 AD3d 1580, 1581 [2018]).
Lynch, J.P., Clark, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.



Footnotes

Footnote 1: We note that respondent's established misconduct in New Jersey also constitutes misconduct in New York, as the rules found to have been violated underlying the New Jersey orders are substantially similar to Rules of Professional Conduct (22 NYCRR 1200.0) rules 5.5 (a) and 8.4 (d).