Matter of Lynum (2022 NY Slip Op 05133)

Matter of Lynum

2022 NY Slip Op 05133

Decided on September 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 8, 2022

PM-152-22
[*1]In the Matter of Edward J. Lynum, A Suspended Attorney. (Attorney Registration No. 5041363.)

Calendar Date:June 6, 2022

Before:Lynch, J.P., Clark, Aarons, Pritzker and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan, of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2012. He is also admitted in the District of Columbia and in his home state of Florida, where he most recently listed a business address with the Office of Court Administration. In November 2019, as a result of his noncompliance with a subpoena to testify before Florida disciplinary authorities, respondent was held in contempt of court by the Supreme Court of Florida and suspended pending his compliance with said subpoena (Florida Bar v Lynum, 2019 WL 5846910 [Fla 2019]). In an unrelated disciplinary matter, respondent was again suspended by March 2020 order of the Supreme Court of Florida for 180 days based upon his discourteous, dishonest and disrespectful conduct toward members of the bench and bar (Florida Bar v Lynum, 2020 WL 1061266 [Fla 2020]). In August 2020, this Court granted the uncontested motion of the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) to suspend respondent based upon his aforementioned Florida misconduct (186 AD3d 970 [3d Dept 2020]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [a]; Rules of the App Div, 3d Dept [22 NYCRR] § 806.13). Respondent remains suspended in this State.
In January 2021, respondent was disbarred by order of the Supreme Court of Florida based upon uncontested allegations of his continued and escalating pattern of disparaging statements and threatening behavior against members of the bench and bar, including statements made on publicly available social media platforms (Florida Bar v Lynum, 2021 WL 209198 [Fla 2021]). In August 2021, the District of Columbia Court of Appeals disbarred respondent based upon his Florida misconduct. AGC now moves to discipline respondent based upon his Florida misconduct underlying his 2021 disbarment in that state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [a]; Rules of the App Div, 3d Dept [22 NYCRR] § 806.13). Respondent has not responded to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13, this Court may discipline an attorney based upon his or her established professional misconduct in a foreign jurisdiction. Although attorneys in such a proceeding may raise certain defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]), respondent waived said defenses here by failing to respond to AGC's motion (see Matter of Blaney, 186 AD3d 1777, 1778 [3d Dept 2020]; Matter of McCarthy, 166 AD3d 1465, 1466 [3d Dept 2018]; Matter of Sicklinger, 166 AD3d 1205, 1206 [3d Dept 2018]).[FN1] We thus find the misconduct established (see Matter of Campbell, 160 AD3d 1200, 1201 [3d Dept 2018]).
As to the appropriate disciplinary sanction, the uncontested findings reflect respondent's highly concerning and escalating pattern of threatening, disparaging and unprofessional conduct directed at the bench and bar in the courtroom and [*2]on publicly available social media platforms (see e.g. Matter of Krapacs, 189 AD3d 1962, 1962-1963 [3d Dept 2020]; Matter of Spolter, 128 AD3d 112, 113 [2d Dept 2015]). Notably, many of respondent's statements on social media not only impugned the personal and professional integrity of certain members of the judiciary, but also encouraged the public to engage in violent acts against these individuals, as well as against the opposing counsel in his divorce proceedings — whose home address he had posted on the Internet. Further, by failing to participate in this disciplinary proceeding, respondent has not only failed to demonstrate any mitigating circumstances, but also evinces his lack of interest in his fate as an attorney in this state. We further note respondent's failure to express remorse or acknowledge the impropriety of his misconduct at any point in this or the underlying proceedings. Additional aggravating factors include his failure to notify this Court and AGC of his 2021 disbarments in Florida and the District of Columbia in violation of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d) (see Matter of Powers, 181 AD3d 1149, 1149 [3d Dept 2020]), as well as his noncompliance with this State's attorney registration requirements for the 2020-2021 and 2022-2023 biennial registration periods (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 185 AD3d 1373, 1374 [3d Dept 2020]). In view of the record as a whole (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), we find that respondent's continued pattern of egregious behavior does not warrant a deviation from the severity of his Florida disciplinary sanction. Accordingly, in order to protect the public, maintain the honor and integrity of the legal profession and deter others from committing similar misconduct, respondent should be disbarred in this state (see Matter of Krapacs, 189 AD3d at 1963-1964; Matter of Spolter, 128 AD3d at 113; Matter of Morisseau, 117 AD3d 1168, 1168 [3d Dept 2014]; Matter of Heller, 9 AD3d 221, 228 [1st Dept 2004], lv denied 3 NY3d 607 [2004]).
Lynch, J.P., Clark, Aarons, Pritzker and McShan, JJ. concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor[*3]-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: We note that respondent's established misconduct in Florida also constitutes misconduct in New York, as the rules found to have been violated underlying the Florida order of disbarment are substantially similar to Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.1 (a)-(b) (1), 3.3 (a) (1), 3.3 (f) (2), 4.4 (a), 8.2, 8.4 (a)-(d) and (h).