Matter of Altman (2024 NY Slip Op 02577)

Matter of Altman

2024 NY Slip Op 02577

Decided on May 9, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 9, 2024

PM-86-24
[*1]In the Matter of Rita Horwitz Altman, an Attorney. (Attorney Registration No.2387421)

Calendar Date:April 20, 2024

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 1991 and was thereafter admitted in 1992 in Florida, where she currently resides and practices immigration law. From 2002 through 2020, respondent has been the subject of six disciplinary actions in Florida, including an indefinite suspension by the Supreme Court of Florida in July 2006 [FN1] and a three-year suspension, issued in May 2020, due to respondent's failure to respond to client complaints and cooperate with the disciplinary authority's investigations. Four other disciplinary actions resolved on respondent's consent, including a public reprimand issued in April 2002, two separate 30-day suspensions, with probationary periods, issued in April 2005 and November 2005, and a three-year suspension issued in December 2020, which term ran concurrently with the May 2020 suspension, for various Rules Regulating the Florida Bar violations, including incompetence, lack of communication with clients and conduct prejudicial to the administration of justice, among other misconduct. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent upon the various findings of misconduct made against her in Florida from 2002 to 2020 (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Respondent has not responded to AGC's motion.
As stated by AGC in its motion, respondent's misconduct in Florida, as established by the multiple orders of discipline issued against her, implicate multiple violations of that state's attorney conduct rules (see Rules Regulating the Florida Bar, rules 4-1.1; 4-1.3; 4-1.4 [a], [b]; 4-3.2; 4-8.4 [g] [2]) and would likewise constitute misconduct if committed in this jurisdiction (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.1 [a]; 1.3 [a]; 1.4 [a], [b]; 3.2; 8.4 [d]). Respondent has not responded to AGC's motion; thus, we deem the defenses enumerated in Rules for Attorney Disciplinary Matters § 1240.13 (b) waived (see Matter of Hankes, 210 AD3d 1282, 1282 [3d Dept 2022]; Matter of Colby, 156 AD3d 1215, 1215-1216 [3d Dept 2017]). Accordingly, we find the misconduct established, grant AGC's motion and turn to the sanction to be imposed (see Matter of Renna, 225 AD3d 1055, 1057 [3d Dept 2024]; Matter of Lynum, 208 AD3d 1449, 1450 [3d Dept 2022]).
In aggravation, AGC cites respondent's failure to timely report five of the six orders of discipline entered against her in Florida (see Matter of Radshaw, 213 AD3d 1193, 1194 [3d Dept 2023]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [d]), as well as the discipline she received from the Board of Immigration Appeals based on her Florida misconduct. AGC further cites respondent's multiple prior disciplinary offenses, which it argues reflects a pattern of misconduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [a], [c], [d]), her bad-faith obstruction and lack of cooperation [*2]with the Florida disciplinary proceedings, making misrepresentations during the Florida disciplinary proceeding (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [e], [f]), and her substantial experience in the practice of law (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [i]). Lastly, Office of Court Administration records indicate that respondent is currently delinquent in her biennial registration obligations for the past two registration periods. Given that respondent has failed to respond to AGC's motion, she has not provided any mitigating factors to be considered (see Matter of Bailey, 177 AD3d 1079, 1080 [3d Dept 2019]). While we are not obliged to impose the same sanction that was imposed by the foreign tribunal, under the facts presented and in order to protect the public, maintain the honor and integrity of the profession and deter others from engaging in similar misconduct (see Matter of Durkin, 220 AD3d 1046, 1048 [3d Dept 2023]; Matter of Hoines, 185 AD3d 1349, 1350 [3d Dept 2020]), we suspend respondent for a period of three years (see Matter of Ambe, 182 AD3d 695, 696-697 [3d Dept 2020]; see also Matter of Maranga, 151 AD3d 31, 32 [1st Dept 2017]; Matter of Meyers, 108 AD3d 158, 160 [1st Dept 2013]).
Garry, P.J., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of three years, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: She was reinstated in August 2007 upon her compliance with subpoenas that sought her response to client complaints, among other things.