Matter of Cane (2024 NY Slip Op 02668)

Matter of Cane

2024 NY Slip Op 02668

Decided on May 14, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
David Friedman
Lizbeth González
Manuel J. Mendez
LlinÉt M. Rosado, JJ.

Motion No. 2023-04005 Case No. 2023-04550 

[*1]In the Matter of Alexander R. Cane, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Alexander R. Cane (OCA ATTY. REG. NO. 2103554), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent Alexander R. Cane was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 4, 1987.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York City (Jun H. Lee, Esq., of counsel), for petitioner.
Thomas J. Foley, Esq., for respondent.

PER CURIAM 

Respondent Alexander R. Cane was admitted to the practice of law in the State of New York by the Second Judicial Department on February 4, 1987. At all times relevant to this proceeding, respondent maintained a registered business address in the First Judicial Department.
By amended order and decision, dated March 18, 2022, the U.S. Department of Justice Executive Office of Immigration Review (EOIR) disbarred respondent from the practice of law before the Immigration Courts, the Board of Immigration Appeals (BIA), and the Department of Homeland Security (DHS) for professional misconduct directed at two immigration judges and the staff of the Elizabeth, New Jersey, Immigration Court.
The Attorney Grievance Committee (AGC) now seeks an order, pursuant to Judiciary Law § 90(2), Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, and the doctrine of reciprocal discipline, imposing reciprocal discipline on respondent based on the misconduct underlying his discipline by EOIR, disbarring him, or imposing whatever sanction the Court deems appropriate. Respondent opposes and requests a hearing to present mitigation.
In August 2020, the Disciplinary Counsels for EOIR and DHS jointly filed with BIA a Notice of Intent to Discipline (NID), charging respondent with four counts of professional misconduct. They alleged that respondent engaged in contumelious or otherwise obnoxious conduct while acting in a representative capacity on a case, which would constitute contempt of court in a judicial proceeding and undermined the integrity of the adjudicative process in violation of 8 CFR 1003.102(g) and (n).
In a hearing held before Immigration Judge Munish Sharda, Disciplinary Counsels introduced extensive documentary evidence of respondent's professional misconduct before the Immigration Court. The evidence included emails respondent had sent to New Jersey Immigration Court staff calling them "children" and "severely troubled mentally ill, racist scumbag pigs," telling them that they "can go to Hell and . . . pound coal." Counsel also presented record evidence of respondent's contumelious and belligerent behavior during immigration proceedings in which respondent, among many other things, called for Judge Mirlande Tadal "to be put out of her misery" and sent an email calling her "an arrogant, condescending, defiant, dishonest person."
Judge Sharda sustained the four charges brought against [*2]respondent, finding that they were supported by clear and convincing evidence. Judge Sharda also found that there was significant aggravation in the form of prior offensive conduct similar to the underlying charges. Specifically, in June 2017, respondent was issued a confidential Warning Letter by EOIR for engaging in contumelious conduct before Immigration Judge Shifra Rubin. Respondent, however, failed to heed this warning and continued his contumelious conduct when he baselessly disparaged Judge Rubin, accusing her of being, among other things, biased and racist. As a result, respondent was issued an informal Admonition in March 2018.[FN1]
Judge Sharda also found that respondent continued his disrespectful and obnoxious behavior during the disciplinary proceeding. This was evidenced by, among other things, his emails in which he engaged in ad hominem attacks, referring to federal disciplinary counsel as "learning disabled, mentally, ethically challenged" and to EOIR, the BIA, and the DHS as a "filthy, corrupt, terminal Pig Entity," despite Judge Sharda directing respondent to conduct himself with proper decorum in the proceeding, including in his correspondence.
Nevertheless, Judge Sharda found some mitigation, which included "an absence of a formal prior disciplinary record," his 30 years of practice helping "many underrepresented individuals in immigration proceedings," and "his temporary apology and display of remorse to the Elizabeth, NJ Immigration Court staff and initial acknowledgement of wrongdoing upon receipt of the NID." Judge Sharda ultimately found, however, "that the aggravating factors far outweigh[ed] the mitigating factors" and imposed the sanction of disbarment.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13(b), a respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.
First, respondent received notice of the charges against him and submitted a response asserting affirmative defenses, which the court considered and rejected. While respondent ultimately chose not to appear at the hearing, he did so after being given ample notice of the hearing date and being advised that the hearing would proceed in his absence. Second, Judge Sharda's misconduct findings are amply supported by the record.
Finally, the misconduct which resulted in respondent's federal discipline constitutes misconduct in New York in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.3(f)(2) (undignified or discourteous conduct before a tribunal); 8.4(d) (conduct that is prejudicial to the administration of justice); and 8.4(h) (other conduct that adversely reflects on the lawyer's fitness as a lawyer).
As none of [*3]the enumerated defenses are applicable here, the AGC's petition for reciprocal discipline should be granted.
With respect to the sanction, as a general rule this Court defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Milara, 194 AD3d 108, 111 [1st Dept 2021]; Matter of Tabacco, 171 AD3d 163 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85 [1st Dept 2018]). Only rarely does this Court depart from the general rule (see Matter of Karambelas, 203 AD3d 75, 80-81 [1st Dept 2022]; Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]).
Disbarment is the appropriate sanction because it is commensurate with the discipline imposed by EOIR and is in general accord with precedent involving comparable misconduct (cf. Matter of Jordan, 217 AD3d 21 [1st Dept 2023]; Matter of Zappin, 160 AD3d 1 [1st Dept 2018], appeal dismissed 32 NY3d 946 [2018], lv denied 32 NY3d 915 [2019]; Matter of Fagan, 58 AD3d 260 [1st Dept 2008], lv dismissed 12 NY3d 813 [2009]; Matter of Heller, 9 AD3d 221 [1st Dept 2004], lv denied 3 NY3d 607 [2004]; Matter of Lynum, 208 AD3d 1449 [3d Dept 2022]).
Respondent's request for a hearing to present mitigation should be denied since he had ample opportunity to present mitigation at the federal disciplinary hearing but chose not to appear.
Accordingly, the AGC's motion should be granted and respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.
All concur.
It is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to 22 NYCRR 1240.13, predicated upon similar discipline imposed by the United States Department of Justice Executive Office of Immigration Review, is granted, and respondent Alexander R. Cane is disbarred and his name stricken from the roll of attorneys in the State of New York, effective the date hereof, and until further order of this Court, and
It is further Ordered that pursuant to Judiciary law § 90, respondent Alexander R. Cane is: (1) commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another, or from holding himself out in any way as an attorney and counselor-at-law; (2) forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board or commission or other public authority; and (3) forbidden to give another an opinion as to the law or its application or advice in relation thereto, and
It is further Ordered that respondent Alexander R. Cane is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
It is further Ordered that if respondent Alexander R. Cane has been issued a secure pass by the Office of Court Administration, it shall be returned [*4]forthwith.
Entered: May 14, 2024

Footnotes

Footnote 1: While not part of the record in the federal disciplinary proceeding, the AGC advises that respondent had been issued three Admonitions (private discipline) by the Committee: in 1999 for neglect of a criminal appeal; in 2007 for engaging in disrespectful conduct before a judge in Supreme Court, Queens County, during an appearance in a criminal matter; and in 2009 for failure to provide two clients with, among other things, a written retainer agreement or letter of engagement.