Matter of Laurenzo (2024 NY Slip Op 04859)

Matter of Laurenzo

2024 NY Slip Op 04859

Decided on October 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 3, 2024

PM-197-24
[*1]In the Matter of Dianne E. Laurenzo, an Attorney. (Attorney Registration No. 4226528.)

Calendar Date:September 9, 2024

Before:Pritzker, J.P., Lynch, Ceresia, Powers and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2004, following her 2003 admission in New Jersey. In August 2019, respondent was temporarily suspended by the Supreme Court of New Jersey following her failure to cooperate with an investigation by the New Jersey Office of Attorney Ethics (hereinafter OAE). Following client complaints in two unrelated matters and respondent's failure to respond to OAE's resulting complaint, the Supreme Court of New Jersey disbarred respondent in July 2021, finding that she had knowingly misappropriated entrusted funds, failed to communicate with two clients, engaged in the practice of law while temporarily suspended and failed to cooperate with New Jersey disciplinary authorities, among other misconduct (see Matter of Laurenzo, 247 NJ 200 [2021]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline in this state due to the New Jersey permanent disbarment (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept § 806.13). Respondent has not submitted a response to AGC's motion.

We may discipline an attorney based upon his or her established professional misconduct in a foreign jurisdiction (see Matter of Lynum, 208 AD3d 1449, 1449-1450 [3d Dept 2022]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept § 806.13). While an attorney in such a proceeding may raise certain defenses (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b]), respondent's failure to respond to AGC's motion constitutes a waiver of these defenses in this matter (see Matter of Altman, 227 AD3d 1217, 1218 [3d Dept 2024]). Accordingly, we deem the misconduct established, grant AGC's motion in that respect and turn our attention to the appropriate sanction (see Matter of Escano, 221 AD3d 1127, 1128 [3d Dept 2023]; Matter of Caraco, 197 AD3d 1391, 1392 [3d Dept 2021]).[FN1]
We are not obligated to impose the same disciplinary sanction as was issued by the other jurisdiction, but rather we are tasked with imposing a sanction that protects the public, maintains the honor and integrity of the profession, and deters others from committing similar misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). Respondent's misconduct, as established by the uncontested disciplinary proceeding in New Jersey, is significant, and similar conduct has warranted the imposition of a severe penalty in this state, including disbarment (see e.g. Matter of Cresci, 175 AD3d 1670, 1672 [3d Dept 2019]; Matter of Sullivan, 43 AD3d 1270, 1270-1271 [3d Dept 2007]; Matter of Auriemma, 241 AD2d 567, 568 [3d Dept 1997]). While AGC cites several aggravating factors, including respondent's failure to notify it or this Court of her August 2019 temporary suspension or July 2021 disbarment in New Jersey as required (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [d]), as well as her pattern of misconduct and multiple [*2]offenses (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [c]; [d]), among other factors, it is significant that respondent has failed to appear in this proceeding and to maintain her attorney registration obligations in this state, thereby demonstrating her disinterest in her fate as an attorney (see Matter of Hernandez, 156 AD3d 1109, 1111 [3d Dept 2017]). Moreover, the record in the New Jersey proceeding reveals that respondent has demonstrated a pattern of failing to respond to that jurisdiction's requests for information, which is a basic obligation of an attorney and serves to aggravate her misconduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [e]). Given the totality of the circumstances, we find that disbarment is the appropriate discipline in this instance.
Pritzker, J.P., Lynch, Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: We note that respondent's established misconduct in New Jersey, if committed here, would unquestionably constitute misconduct, inasmuch as the rule violations established by the New Jersey order of disbarment are substantially similar, and at some points identical, to this state's disciplinary rules (see Rules of Prof Conduct [22 NYCRR 1200.0] rules 1.4 [a] [3], [4]; 1.15 [a], [b], [c] [3]; 5.5 [a]; 8.4 [c], [d]).