Matter of Krapacs (2020 NY Slip Op 07980)





Matter of Krapacs


2020 NY Slip Op 07980


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

PM-174-20

[*1]In the Matter of Ashley Ann Krapacs, an Attorney. (Attorney Registration No. 5389309.)

Calendar Date: November 30, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Ashley Ann Krapacs, Fort Lauderdale, Florida, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2016. She lists a business address with the Office of Court Administration in Florida, where she formerly maintained a law practice.[FN1] In July 2020, respondent was disbarred from the practice of law by the Supreme Court of Florida based upon sustained charges that she had, among other things, engaged in threatening behavior and used online social media to make disparaging remarks about a member of the Judiciary and to engage in an extensive and unjustified public attack against two attorneys (Florida Bar v Krapacs, 2020 WL 3869584 [FL Sup Ct 2020]).[FN2] Based upon her established misconduct in Florida, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13.[FN3] Respondent has submitted papers in opposition to the motion, asserting in general terms that she was deprived of due process in the Florida disciplinary proceedings and that there was an infirmity of proof establishing her misconduct in that state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1], [2]), to which defenses AGC has submitted a reply with leave of the Court (see Rules of App Div, 3d Dept [22 NYCRR] § 806.13 [c]).
Upon consideration of the facts, circumstances and documentation before us, we conclude that respondent has not established any of the available defenses to the imposition of discipline in this state. Contrary to respondent's arguments, our review of the record fails to support her conclusory allegations of a lack of due process, or that there was an infirmity of proof in the Florida proceedings (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1], [2]). Not only was respondent afforded a full disciplinary hearing, where she was permitted to testify and present witnesses, she engaged in extensive motion practice where all of her arguments — even if ultimately rejected — were heard and considered. As for the proof supporting the sustained misconduct, respondent does not deny that she was the author of the inappropriate social media and other communications directed at her perceived adversaries; in fact, her submissions to this Court clearly set forth her apparent entrenched position that her actions were justified and that she is somehow exempt from the disciplinary rules that all licensed attorneys are required to follow. Significantly, the First Amendment does not grant an attorney the right in this state to advance unsubstantiated and baseless criticisms of the Judiciary (see Matter of Holtzman, 78 NY2d 184, 192-193 [1991], cert denied 502 US 1009 [1991]), nor are licensed attorneys permitted to use social media to harass and falsely attack others (see e.g. Matter of Zappin, 160 AD3d 1, 3 [2018], appeal dismissed 32 NY3d 946 [2018], lv denied 32 NY3d [*2]915 [2019]; Matter of Keegan, 95 AD3d 1560 [2012]). Accordingly, we conclude that respondent's defenses to the motion are not persuasive and, therefore, her misconduct is deemed established.
Turning our attention to the issue of the appropriate disciplinary sanction (see Matter of Cresci, 175 AD3d 1670, 1672 [2019]), we note that respondent's pattern of misconduct is well documented in the file, as is her lack of any genuine remorse or insight into her poor judgment. The record further demonstrates respondent's continued refusal to acknowledge the impropriety and harmfulness of her conduct and her insistence that all investigations of her misconduct were prompted by corrupt motives (see Matter of McArdle, 167 AD3d 1223, 1224 [2018]; see generally ABA Standards for Imposing Lawyer Sanctions § 9.22). Consequently, we find that the totality of facts and circumstances presented in this matter does not warrant a deviation from the severity of respondent's Florida disciplinary sanction. We therefore conclude that, to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred in this state (see Matter of Zappin, 160 AD3d at 3).
Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Respondent is also admitted to the practice of law in Washington, DC, where her license status is currently listed as subject to a temporary disciplinary suspension.

Footnote 2: In February 2019, the Supreme Court of Florida had granted the Florida Bar's petition seeking respondent's emergency suspension from the practice of law in that state.

Footnote 3: We note that respondent's serious misconduct in Florida also constitutes professional misconduct in New York (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15), inasmuch as the rules found to have been violated by the Supreme Court of Florida are substantially similar to Rules of Professional Conduct (22 NYCRR 1200.0) rules 4.4 (a) and 8.4 (a)-(d), (h).