Matter of Spark (2021 NY Slip Op 04183)





Matter of Spark


2021 NY Slip Op 04183


Decided on July 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 1, 2021

PM-94-21
[*1]In the Matter of Andrew Bennett Spark, an Attorney. (Attorney Registration No. 2570091.)

Calendar Date:June 23, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Andrew Bennett Spark, Flushing, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 1993 following his admission in Florida in 1991. In December 2017, respondent was arrested for, among other things, soliciting sex acts from incarcerated female inmates at two separate detention facilities. Although respondent did not represent these women, he used his status as an attorney to arrange meetings with them in the private attorney/client visitation rooms. The criminal investigation of respondent's activities also disclosed that he had offered money to these inmates so that he could make contraband recordings of the sexual encounters on his personal tablet device for the purpose of his own sexual gratification and/or later publishing the videos for potential financial gain. Respondent's activities came to light after the family of an inmate who rejected his advances contacted the authorities. Respondent ultimately pleaded guilty to two counts of the crime of introduction into or possession of contraband in violation of Florida Statutes § 951.22, a third-degree felony, and two counts of soliciting for prostitution in violation of Florida Statutes § 796.07 (2) (f), a misdemeanor offense.[FN1] Following the completion of a full disciplinary hearing, the referee issued an uncontested report finding respondent guilty of violating the Florida disciplinary rule specifically prohibiting a lawyer from "commit[ing] a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects" (Rules Regulating the Florida Bar, Rule 4-8.4 [b]). Consistent with the referee's report and recommendation, the Supreme Court of Florida disbarred respondent by January 2021 order (Florida Bar v Spark, 2021 WL 217642 [Fla Sup Ct 2021]).
Accordingly, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon his established misconduct and disbarment in Florida.[FN2] In the alternative, AGC's motion seeks to impose discipline in this state upon respondent based upon his convictions in Florida of "serious crimes" as defined in Judiciary Law § 90 (4) (d) (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [c] [2]; Rules of App Div, 3d Dept [22 NYCRR] § 806.12). Respondent has submitted papers in opposition to the motion and AGC has submitted a reply with leave of the Court (see Rules of App Div, 3d Dept [22 NYCRR] § 806.13 [c]). The parties have also been heard at oral argument on the motion.[FN3]
Upon consideration of the facts, circumstances and documentation before us, we conclude that respondent has not established any of the available defenses to the imposition of discipline in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13. Contrary to respondent's arguments, our review of the record [*2]fails to support his conclusory allegations of a lack of due process, or that there was an infirmity of proof in the Florida proceedings (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1], [2]). Respondent was afforded a complete disciplinary hearing where he was permitted to testify, present evidence and submit proposed findings which — even if ultimately rejected — were heard and considered. As for the proof supporting the sustained misconduct, respondent did not appeal his criminal convictions and does not dispute the basic underlying facts, even if he differs from the referee regarding the gravity of his offenses. In any event, to the extent that respondent seeks to contest the referee's factual findings, he is not permitted to do so in the context of the subject motion (see Matter of Ambe, 182 AD3d 695, 696 [2020]). As for the remaining defense invoked by respondent, he has not demonstrated in any way that the misconduct for which he was disciplined for in Florida does not constitute misconduct in New York (see Rules for Attorney Discipline Matters [22 NYCRR] § 1240.13 [b] [3]). Accordingly, we conclude that respondent's defenses to the motion are not persuasive and, therefore, his misconduct is deemed established.
Turning our attention to the issue of the appropriate disciplinary sanction (see Matter of Cresci, 175 AD3d 1670, 1672 [2019]), we note that respondent's pattern of misconduct and habit of minimizing his responsibility is well documented in the file as is his lack of any genuine remorse or insight into his poor judgment. The record further demonstrates respondent's continued refusal to acknowledge the impropriety and harmfulness of his actions in ignoring his obligations as an officer of the court by exploiting and attempting to exploit prison inmates for his own sexual gratification and possible future financial gain. In sum, respondent has failed to set forth any basis for this Court to disagree with the aggravating factors set forth by the referee in Florida (see ABA Standards for Imposing Lawyer Discipline § 9.22 [b]-[d], [g]-[i]).[FN4] We further conclude that the mitigating factors presented by respondent are not sufficient to persuade us that a deviation from the severity of respondent's Florida disciplinary sanction is warranted. Consequently, we conclude that, to "protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred in this state" (Matter of Cresci, 175 AD3d 1670, 1672 [2019]; see Matter of Krapacs, 189 AD3d 1962, 1964 [2020]).
In light of this result, it is unnecessary to address AGC's alternative request to impose discipline based upon respondent's conviction of serious crimes in Florida. Finally, we condition any future application by respondent for his reinstatement in this state upon proof that he has been fully reinstated to the practice of law in Florida.
Egan Jr., J.P., Lynch, Clark[*3], Aarons and Reynolds
Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: In July 2019, as the result of respondent's guilty pleas, the Supreme Court of Florida suspended respondent from the practice of law in that state pending the completion of disciplinary proceedings (Florida Bar v Spark, 2019 WL 3186831 [Fla Sup Ct 2019]). Consequently, respondent was also suspended from the practice of law in the US District Court for the Southern District of Florida, the Eastern District of New York, the Western District of New York and the Southern District of New York. Respondent is also admitted to the practice of law in New Jersey, where his license status is currently listed as active.

Footnote 2: We note that respondent's serious misconduct in Florida also constitutes professional misconduct in New York, inasmuch as the rule found to have been violated by the Supreme Court of Florida is substantially similar to Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b).

Footnote 3: Although respondent also cross-moved for an order seeking various relief, including transferring venue to the Second Judicial Department, this Court, by confidential order, ultimately granted respondent's request for oral argument with respect to AGC's motion to impose discipline and otherwise denied all other requested relief.

Footnote 4: Despite respondent's argument that he was unfairly singled out for harsh treatment in Florida, we note that the sanction of disbarment in his case is in line with the Florida case law cited by the referee (see e.g. Florida Bar v Blackburn, 244 So 3d 168 [Fl 2018]).