Matter of Rosenberg (2022 NY Slip Op 00934)





Matter of Rosenberg


2022 NY Slip Op 00934


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

PM-26-22
[*1]In the Matter of Erwin Rosenberg, an Attorney. (Attorney Registration No. 2898625.)

Calendar Date:December 6, 2021

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Erwin Rosenberg, Aventura, Florida, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 1998, after previously being admitted in Massachusetts in 1997. In 1999, he was admitted to the practice of law in Florida, where he maintained a legal practice. By May 2015 order, the Supreme Court of Florida found that respondent, among other things, had repeatedly failed to comply with court orders directing that he produce certain documents, continued to raise overruled objections and failed to pay court-ordered counsel fees. Accordingly, respondent was found guilty of violating three disciplinary rules — Rules Regulating the Florida Bar, Rules
4-1.1 (failure to provide competent representation), 4-3.4 (a) and (d) (failing to act with fairness to opposing party and tribunal), and 4-8.4 (d) (engaging in conduct prejudicial to the administration of justice).[FN1] As a sanction, a one-year suspension from the practice of law was found to be appropriate given, among other things, respondent's "continued . . . abusive litigation practices" throughout the disciplinary proceedings (Florida Bar v Rosenberg, 169 So3d 1155, 1162 [Fla Sup Ct, 2015]).[FN2]
After respondent failed to respond to a petition by the Florida Bar alleging that he failed to, among other things, give the required notice of his suspension to his clients or opposing counsel and continued to appear as counsel in litigated matters while suspended, the Supreme Court of Florida issued an order in April 2016 holding respondent in contempt of its prior order and imposing the sanction of disbarment (Florida Bar v Rosenberg, 2016 WL 1566420 [Fla Sup Ct, 2016]). Despite the disbarment order, respondent, among other things, continued to represent clients and hold himself out as an attorney in good standing in Florida. Following respondent's default in responding to a further contempt petition by the Florida Bar, the Supreme Court of Florida, by September 2017 order, held respondent in contempt of its April 2016 order and directed that respondent be permanently disbarred in that state (Florida Bar v Rosenberg, 2017 WL 4233015 [Fla Sup Ct, 2017]).[FN3]

Respondent failed to timely notify this Court and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) within 30 days following the imposition of the three Florida orders as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d). AGC now moves to impose discipline upon respondent in this state based upon the disciplinary orders issued against him in Florida (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13.3). Respondent has submitted papers in opposition to the motion, invoking one of the three defenses set forth in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b). AGC, by permission, has submitted an affirmation in reply.
Upon consideration of the record, we conclude that respondent has not established the invoked defense to the imposition of discipline in this [*2]state. Contrary to respondent's arguments, there is nothing in the record before us that would give rise to a conclusion "that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duties, accept as final the finding[s in Florida as to] respondent's misconduct" (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [2]). Although respondent argues in a conclusory fashion that there was insufficient proof of his guilt at the disciplinary hearing that led to the initial suspension order in Florida, his assertions are disjointed and unsupported by the documentation in the record and, thus, do not "create a controverted issue of misconduct" (Matter of Guiliani, 197 AD3d 1, 9 [2021]). As for the Florida disbarment orders, we note that respondent acknowledges that he did not give notice of the disciplinary orders issued against him and does not dispute that he continued to practice law regardless of the disciplinary orders in place. Notably, respondent fails to provide any persuasive authority for his constitutional claims and broad assertion that, because the Florida orders attempted to compel his submission to directives that he finds objectionable, his failure to comply with them was in accordance with his First Amendment rights. We are similarly unpersuaded by respondent's alternative and unsupported contention that federal antitrust law is a bar to imposing discipline in this state based upon his Florida discipline.
Accordingly, we conclude that respondent's misconduct is deemed established on this record. As for the appropriate sanction, given, among other things, respondent's contemptuous defiance of court orders, refusal to acknowledge the impropriety of his actions and his lack of remorse, we find no basis to deviate from the severity of the Florida disciplinary orders (see generally ABA Standards for Imposing Lawyer Sanctions standard 9.22). Therefore, upon consideration of all the facts and circumstances presented, we conclude that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), respondent should be disbarred in this state (see Matter of Spark, 196 AD3d 826, [2021], lv denied 37 NY3d 917 [2022]; Matter of Krapacs, 189 AD3d 1962, 1964 [2020]).
Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or [*3]as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: The disciplinary rules that respondent was found to have violated in Florida are essentially similar to Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1 (a), 3.4 (a) and 8.4 (d).

Footnote 2: As a result of the May 2015 suspension order, respondent was also suspended from the practice of law for an indefinite term in January 2017 by the US District Court for the Southern District of Florida.

Footnote 3:As a consequence of his Florida misconduct, respondent was also disbarred in Massachusetts in December 2021. Given that the question is now largely moot, we need not determine respondent's request that the subject motion be stayed pending the completion of the Massachusetts proceeding.