Matter of Rheinstein (2022 NY Slip Op 05126)

Matter of Rheinstein

2022 NY Slip Op 05126

Decided on September 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 1, 2022

PM-149-22
[*1]In the Matter of Jason Edward Rheinstein, an Attorney. (Attorney Registration No. 4331344.)

Calendar Date:August 18, 2022

Before:Garry, P.J., Lynch, Aarons, Ceresia and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Jason Edward Rheinstein, Saverna Park, Maryland, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2005, the same year he was admitted in Maryland, where he formerly practiced law. By January 2020 order, respondent was disbarred by the Court of Appeals of Maryland based upon sustained disciplinary charges that, among other things, he failed to provide competent representation to clients, advanced frivolous claims and contentions, acted unfairly to opposing parties and counsel, failed to respect the rights of third persons and committed professional misconduct by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, along with conduct prejudicial to the administration of justice (Attorney Grievance Commn. v Rheinstein, 466 Md 648 [2020], cert denied ___ US ___, 141 S Ct 370 [2020]).[FN1] Respondent subsequently failed to provide notice of his disbarment to this Court and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) within 30 days following the imposition of that discipline, as was required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d).
AGC now moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon his established misconduct and disbarment in Maryland. Respondent opposes the motion, raising factors in mitigation, as well as invoking all three of the available defenses to AGC's motion (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Respondent has also filed seven cross motions, requesting, among other things, that this Court take judicial notice of various exhibits, which cross motions are largely opposed by AGC.[FN2] The parties have also been heard at oral argument on their cross motions.
Upon consideration of the facts, circumstances and documentation before us, we conclude that respondent has not established any of the available defenses to the imposition of discipline in this state. Contrary to respondent's arguments, he has not demonstrated "that the procedure in [Maryland] was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1]). Our review of the parties' submissions confirms that respondent was provided ample notice of the charges against him in Maryland and was properly found guilty of charges based upon allegations originally set forth in the February 2016 petition of charges. Specifically, the petition — which alleged, among other things, that respondent engaged in misconduct "involving dishonesty, fraud, deceit or misrepresentation" (Maryland former Lawyers' Rules of Professional Conduct, Rule 8.4 [c]) — stated that respondent had misled the court during a December 2011 hearing by making unsubstantiated and prejudicial accusations against another party. Significantly, these same allegations were cited in the later decisions [*2]by the Maryland Hearing Judge and Maryland Court of Appeals in finding respondent guilty of the above disciplinary rule. Therefore, we are unpersuaded by respondent's contention that he was found guilty of misconduct for which he was not properly charged.
We further note that respondent was given numerous extensions and opportunities to comply with discovery demands that had been served upon him in April 2016. Rather than cooperating or seeking a protective order, however, respondent engaged in a relentless campaign to delay the disciplinary hearing and avoid providing discovery by means of, among other things, the filing of numerous unsuccessful motions and pursuing two futile removals of his disciplinary proceeding to federal court, both of which were then remanded as wholly lacking in merit. The June 2019 order sanctioning respondent for his longstanding noncompliance with discovery demands by, among other things, entering a default, striking respondent's answer, deeming the averments in the petition of charges to be admitted and precluding respondent from calling witnesses was entered after respondent was provided with due notice and an opportunity to be heard. Respondent was provided the opportunity to file numerous ultimately-unsuccessful motions and he also pursued appeals of the June 2019 sanction order as well as the June 2020 disbarment order.
Our review of the record further fails to support respondent's contention that there was an infirmity of proof in the Maryland proceedings due to, among other things, the fact that the sanctions order precluded him from introducing evidence in his defense (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [2]). As already noted, the June 2019 sanctions order which, among other things, struck respondent's answer has been deemed to be an appropriate exercise of discretion. Accordingly, respondent's resulting admission of all allegations in the petition of charges constituted legitimate evidence establishing the charged misconduct (see Matter of Marquis, 192 AD3d 83, 86 [1st Dept 2020]), as thoroughly detailed in the factual findings of the Court of Appeals of Maryland, which are not open to challenge in the context of the subject motion (see Matter of Ambe, 182 AD3d 695, 696 [3d Dept 2020]). Thus, to the extent that respondent urges reliance on facts or extraneous matters of his choosing outside the record in the Maryland proceeding, we are unpersuaded (see Matter of Hallock, 37 NY3d 436, 442 [2021]).
As for the remaining defense invoked by respondent, we disagree with his assertion that the misconduct for which he was disciplined in Maryland does not constitute misconduct in New York (see Rules for Attorney Discipline Matters [22 NYCRR] § 1240.13 [b] [3]). To the contrary, the five disciplinary rules that the Court of Appeals of Maryland found that respondent violated are identical or substantially similar to Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1 (a); 3.1[*3](a); 3.4 (c); 4.4 and 8.4 (a), (c) and (d). Accordingly, we conclude that respondent's defenses to the motion are unpersuasive and, therefore, his misconduct is deemed established.
Turning our attention to the issue of the appropriate disciplinary sanction (see Matter of Cresci, 175 AD3d 1670, 1672 [3d Dept 2019]), we note that respondent's demonstrated pattern of, among other things, engaging in vexatious litigation (see Matter of Stanwyck, 142 AD3d 126, 130-131 [2d Dept 2016]), bullying opposing parties and counsel (see Matter of Krapacs, 189 AD3d 1962, 1963 [3d Dept 2020]; Matter of Stern, 118 AD3d 85, 87-88 [1st Dept 2014]) and denying or minimizing his responsibility for his actions (see e.g. Matter of Rosenberg, 202 AD3d 1271, 1273 [3d Dept 2022]; Matter of Spark, 196 AD3d 826, 828 [3d Dept 2021], lv denied 37 NY3d 917 [2022]) are sufficiently established, as is his lack of any meaningful remorse or insight into the damage such misconduct causes the reputation of the bar and the members of the public, who rely upon the expertise and professionalism of the lawyers who serve them. Respondent has also failed to set forth a sufficient basis for this Court to disagree with the aggravating factors set forth by the Court of Appeals of Maryland (see ABA Standards for Imposing Lawyer Sanctions standard § 9.22 [b]-[g], [i]). We further find that the mitigating factors presented by respondent are not sufficient to persuade us that a deviation from the severity of respondent's Maryland disciplinary sanction is warranted. Consequently, we conclude that, to "protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred in this state" (Matter of Cresci, 175 AD3d at 1672; see Matter of Krapacs, 189 AD3d at 1964).
Garry, P.J., Lynch, Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent's seven cross motions are granted to the extent set forth above; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys [*4]and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: As a consequence of his Maryland discipline, respondent was disbarred in September 2020 by the US District Court for the District of Maryland and also disbarred in Pennsylvania and Washington DC (Matter of Rheinstein, 242 A3d 1089 [DC Ct Appeals 2020]) in December 2020. Virginia revoked respondent's license to practice law in that state in July 2021. In April 2022, California imposed probation and a three-year stayed suspension from the practice of law after respondent entered into a stipulation and pleaded nolo contendere with respect to the allegations. In May 2022, Florida disbarred respondent (Florida Bar v Rheinstein, 2022 WL 1598898 [Fl Sup Ct 2022]) and, in June 2022, New Jersey imposed a one-year suspension from the practice of law in that state, with the suspension to commence after respondent cures his administrative suspension in that state.

Footnote 2: Notwithstanding AGC's opposition, we have granted respondent's cross motions to the extent that we have reviewed all of respondent's submissions and exhibits in reaching our determination herein.