Matter of Rosenberg (2023 NY Slip Op 05577)

Matter of Rosenberg

2023 NY Slip Op 05577

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

PM-253-23
[*1]In the Matter of Erwin Rosenberg, a Disbarred Attorney. (Attorney Registration No. 2898625.)

Calendar Date:October 10, 2023

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Erwin Rosenberg, Aventura, Florida, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1998, following his admission in Massachusetts in 1997. He has also been admitted to practice in Florida. Respondent most recently listed a Florida business address with the Office of Court Administration but, in May 2015, respondent was suspended for a one-year term by order of the Supreme Court of Florida based upon sustained allegations that he had flouted judicial orders and failed to comply with discovery demands as counsel for certain defendants in a Florida civil matter. Shortly thereafter, Florida disciplinary authorities sought to hold respondent in contempt based upon his continued representation of clients while suspended and, upon respondent's default, the Supreme Court of Florida disbarred him by April 2016 order. When respondent nonetheless continued to practice law, the Supreme Court of Florida permanently disbarred him by September 2017 order. Subsequently, upon AGC's motion, this Court disbarred respondent by February 10, 2022 order as a consequence of his Florida misconduct (202 AD3d 1271 [3d Dept 2022], appeal dismissed 39 NY3d 1177 [2023]). This Court subsequently denied respondent's motion for reconsideration by August 2022 order. Citing recent precedent from the Supreme Court of the United States, respondent now moves to vacate this Court's order of disbarment. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has been heard in opposition and also cross-moves to enjoin respondent from filing new motions or applications without first obtaining leave of this Court. Respondent was heard in reply and opposes the cross-motion. Respondent has further twice supplemented his motion and AGC has been heard in reply.[FN1]
Respondent's initial motion papers seek to vacate his disbarment based on his belief that the order is a content-based restriction on speech in violation of the First Amendment. Specifically, respondent points to the Supreme Court of the United States' recent decision 303 Creative LLC v Elenis (___ US ___, 143 S Ct 2298 [2023]), in which the Court, as respondent described, "explained the very limited applicability of allowing a speech restriction on the basis that the State law regulates conduct and only incidentally restricts speech." Respondent purports to parallel this Court's authority to regulate the practice of law to the Supreme Court of the United States' discussion of free speech as it related to a wedding website owner's desire to exclude her services from same-sex couples.
In respondent's supplemental motion papers, he puts forth alternative grounds for this Court to vacate his disbarment. Specifically, respondent alleges that there is a "controverted issue of misconduct" based on evidence "indicat[ing] that [the Florida Supreme Court] had a personal bias or prejudice concerning [respondent] and his clients." He notes that such Court found that he acted in bad faith and that the Court "publicly threatened [him] with arrest [*2]if [he] would not appear at his scheduled show cause hearing," and argues that such "threat" was evidence of the Court's bias and that the resulting disciplinary orders were the "fruit of the poisonous tree" flowing from the Court's bias.
In response, AGC details respondent's previous motion for reconsideration wherein he made a similar argument that this Court's disbarment order is a prior restraint on speech and in violation of his constitutional right to free speech. In response to respondent's supplemental motion papers, AGC argues that this Court has previously addressed the merits of respondent's Florida disbarment order and determined that "there was ample proof of respondent's guilt." Ultimately, AGC notes that respondent's conduct evinces why respondent should be prevented from abusing the legal process and making frivolous motions without first obtaining leave from this Court.
"All attorneys who are licensed to practice law in New York are subject to the Rules of Conduct, which establish a framework for the ethical practice of the law and a lawyer's duties as an officer of the legal system" (Matter of Giuliani, 197 AD3d 1, 4 [1st Dept 2021] [citation omitted]; see Judiciary Law § 90 [2]). To this end, "[i]t is long recognized that 'speech by an attorney is subject to greater regulation than speech by others' " (Matter of Giuliani, 197 AD3d at 7, quoting Gentile v State Bar of Nev., 501 US 1030, 1051 [1991]). Accordingly, "[t]he courts may, in the public interest, prohibit attorneys from practicing law and that prohibition may incidentally affect the attorney's constitutional right to free speech" (Matter of Rowe, 80 NY2d 336, 342 [1992]).
Here, respondent has demonstrated nothing to substantiate his claim that his disbarment constitutes a constitutional violation other than broad assertions that the Rules of Professional Responsibility "are used to judge the appropriateness of what lawyers say" and serve as content-based restrictions. This Court and the Supreme Judicial Court of Massachusetts have both previously rejected this argument (202 AD3d at 1273; Matter of Rosenberg, 491 Mass 1027, 1028-1029 [2023]). Respondent was disbarred by this Court based on his misconduct in Florida wherein he practiced in "contemptuous defiance of court orders," which led to his eventual disbarment in Florida (202 AD3d at 1273; see Florida Bar v Rosenberg, 2017 WL 4233015 [Fla Sup Ct 2017]). Neither respondent's papers nor the record demonstrates how this Court's order prohibiting him from practicing law in New York constitutes a First Amendment violation and, thus, we find that respondent's motion should be denied.
Similarly, as noted by AGC, we find that respondent's supplemental motion papers raise no meritorious issues. Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (5) dictates that an interim suspension may be based upon a finding of "uncontroverted evidence of professional misconduct." However, as relevant here, a respondent may [*3]assert an affirmative defense in a section 1240.13 proceeding based upon (1) procedural infirmities in the foreign jurisdiction, (2) infirmity of proof establishing the misconduct or (3) conduct not constituting misconduct in New York (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1] - [3]). Respondent has failed to provide same and, as this Court has previously held, "[c]ontrary to respondent's arguments, there is nothing in the record before [the Court] that would give rise to a conclusion that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duties, accept as final the findings in Florida as to respondent's misconduct" (202 AD3d at 1273 [internal quotation marks and citation omitted]). As we have previously held, respondent's "assertions are disjointed and unsupported by the documentation in the record and, thus, do not 'create a controverted issue of misconduct' " (202 AD3d at 1273 quoting Matter of Giuliani, 197 AD3d at 9).
As to AGC's cross-motion seeking an order enjoining respondent from filing new motions or applications, aside from an application for reinstatement, without prior leave of this Court, we grant such motion. Based on respondent's "ongoing pattern of making endless, vexatious motions, threats to file motions, and other frivolous assertions relating to his disbarment in this State and in other jurisdictions," we find this extraordinary relief warranted (see Matter of Koziol, 186 AD3d 1825, 1827 [3d Dept, 2020], lv dismissed & denied 37 NY3d 1170 [2022]; Matter of Marin, 162 AD3d 1198, 1199 [3d Dept 2018], appeal & lv dismissed 32 NY3d 1041 [2018]).
Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion is denied; and it is further
ORDERED that the cross-motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is enjoined from bringing any motion, application or proceeding in this Court, other than an application for reinstatement pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16, without prior leave of this Court.

Footnotes

Footnote 1: Respondent has steadfastly refused to submit the required motion fee to this Court in conjunction with any of his multiple filings (see Rules of App Div, All Depts [22 NYCRR] § 1250.17 [a] [2]). Although this failure provides us with a basis to dismiss respondent's motion, we have exercised our discretion to excuse the motion fee in this instance so as to reach the merits of respondent's claims.