In re Jordan

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

IN RE JACK R.T. JORDAN,

Attorney.

21-90055-am

ORDER OF
GRIEVANCE PANEL

---

FOR ATTORNEY:

JACK R.T. JORDAN
North Kansas City, MO

In October 2022, the Supreme Court of Kansas disbarred Jack R.T. Jordan, based on certain conduct in federal court proceedings—among other things, he accused the federal judges in those proceedings of engaging in criminal conduct and corruption but he did not support those accusations with an evidentiary basis. *In re Jordan*, 518 P.3d 1203 (Kan. 2022), *cert. denied*, 143 S. Ct. 982 (2023). Thereafter, this panel ordered Jordan to show cause why he should not be reciprocally disbarred from

practice in this Court pursuant to the Court's reciprocal discipline rule, Local Rule 46.2(c)(2). Jordan timely responded.

Upon due consideration, it is hereby ORDERED that Jordan is removed from the bar of this Court, based on this Court's reciprocal discipline rule and *In re Roman*, 601 F.3d 189 (2d Cir. 2010). We reject all of his arguments against that disposition.

Under this Court's Local Rule, "[w]hen the [C]ourt receives a copy of an order entered by [another] attorney disciplinary authority disbarring or suspending an attorney from practice, the clerk enters an order disbarring or suspending the attorney from practice before this court on comparable terms and conditions." 2d Cir. Local R. 46.2(c)(2). That Rule "reflect[s] a rebuttable presumption that the reciprocal discipline imposed by this Court will be identical—or as close to identical as our rules and the circumstances permit—to the discipline imposed by the prior court or other disciplinary authority." *Roman*, 601 F.3d at 192. "[T]he disciplined attorney bears the burden of demonstrating, by clear and convincing evidence, that a different disposition would be appropriate." *Id.* at 193. The attorney must demonstrate: "(1) absence of due process in the prior disciplinary procedure, (2) substantial infirmity in the proof of lack of private and professional character, or (3) some other grave reason sufficient to indicate that reciprocal disbarment or other reciprocal discipline is inconsistent with principles of right and justice." *Id.* (restating requirements listed in *Selling v. Radford*, 243 U.S. 46, 51 (1917); internal quotation marks and brackets omitted). We construe Jordan's response as presenting arguments under all three prongs of *Roman*.

First, contrary to Jordan's argument, we hold that the Supreme Court of Kansas did not rely on inadmissible hearsay in making its determination, and thus did not violate Jordan's due process rights in that respect. To the contrary, that court's determination was primarily based on Jordan's own court filings; in fact, Jordan does not deny that he had made the statements at issue. Because Jordan's own

2

statements were an adequate basis for that court's decision, the possibility that the court also considered

hearsay evidence does not undercut its ultimate determination that Jordan had engaged in misconduct.

Second, we conclude that the decision of the Supreme Court of Kansas is supported by sufficient

evidence of Jordan's misconduct. As noted above, Jordan does not deny that he made the statements at

issue, and that court reasonably concluded that those statements warranted discipline. *See In re Whiteside*,

386 F.2d 805, 806 (2d Cir. 1967) (affirming disbarment of attorney who had alleged state court judges

had participated in criminal conspiracy, in the "absence of any facts tending to show anything more than

that the rulings complained of, at worst, might have been erroneous"); *In re Bank*, 850 F. App'x 115, 118

(2d Cir. 2021) (summary order) (discussing attorney's violation of Federal Rule of Appellate Procedure

46(c) and New York Rule of Professional Conduct 3.3(f)(2), based on the attorney's insulting and

discourteous conduct toward a judge); *In re Holtzman*, 78 N.Y.2d 184, 189 (1991) (affirming reprimand of

attorney for falsely accusing a judge of misconduct).[1]

Third, we reject Jordan's argument that his unsupported charges of criminality in his pleadings

were protected by the First Amendment. *See Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1071 (1991)

(four-justice plurality; "during a judicial proceeding, whatever right to 'free speech' an attorney has is

extremely circumscribed"); *id.* at 1081-82 (O'Connor, J., concurring; "I agree that a State may regulate

speech by lawyers representing clients in pending cases more readily than it may regulate the press.

Lawyers are officers of the court and, as such, may legitimately be subject to ethical precepts that keep

---

[1] *See also* American Bar Association, Model Rules of Professional Conduct, Rules 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous . . . ."); 8.2(a) ("A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge . . . ."); 8.4(d) ("It is professional misconduct for a lawyer to: . . . engage in conduct that is prejudicial to the administration of justice."); New York Rules of Professional Conduct, Rule 3.3((f)(2) ("In appearing as a lawyer before a tribunal, a lawyer shall not: . . . engage in undignified or discourteous conduct."). Although the ABA's Model Rules and New York State's Rules of Professional Conduct are not binding on this Court, we have considered them to be persuasive authority that informs our understanding of conduct encompassed by Federal Rules 46(b) and (c).

them from engaging in what otherwise might be constitutionally protected speech."); *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 743 (1983) ("[B]aseless litigation is not immunized by the First Amendment right to petition."); *Whiteside*, 386 F.2d at 806 n.4 (stating that attorney was not protected by rule announced in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), where, "although given the opportunity to do so, [he] adduced no facts to support his claim that the judges who ruled against his clients were conspiring to conceal the facts concerning an alleged murder").[2]

Fourth, the record does not suggest the existence of any other potential "grave reason" that reciprocal disbarment is inappropriate. At no point has Jordan conceded even the possibility that his actions were inconsistent with his obligations as an attorney, nor does the record suggest the existence of any other defense or mitigating factor.

Finally, we reject Jordan's request for a hearing to the extent he seeks to present oral argument, examine witnesses, or otherwise submit or challenge any evidence. Jordan has filed voluminous pleadings in this proceeding, including his detailed response to this panel's order to show cause why he should not be reciprocally disbarred, and does not identify any argument or material fact that has not been adequately presented in written form. We see no argument requiring further elucidation, no material disputed facts, and no need for a credibility determination, and conclude that oral argument and/or an in-person hearing would not significantly aid our decisional process. *See In re Rusk*, No. 23-

---

[2] *See also In re Zeno*, 504 F.3d 64, 65-68 (1st Cir. 2007); *Mezibov v. Allen*, 411 F.3d 712, 720–21 (6th Cir. 2005); *United States v. Cooper*, 872 F.2d 1, 3 (1st Cir. 1989) ("Nor may an attorney seek refuge within his own First Amendment right of free speech to fill a courtroom with a litany of speculative accusations and insults which raise doubts as to a judge's impartiality."); *In re Itel Sec. Litig.*, 791 F.2d 672, 676 (9th Cir. 1986) (rejecting First Amendment argument, stating that "[t]he power of the federal courts to sanction attorney misconduct, be it frivolous litigation or contemptuous behavior, is beyond doubt"); *In re Holtzman*, 78 N.Y.2d at 192 (finding *New York Times Co. v. Sullivan* inapplicable to attorney discipline); *In re Giuliani*, 197 A.D.3d 1, 7 (1st Dep't 2021) (rejecting First Amendment defense); *In re Krapacs*, 189 A.D.3d 1962, 1963 (3d Dep't 2020) ("[T]he First Amendment does not grant an attorney the right in this state to advance unsubstantiated and baseless criticisms of the judiciary."); *cf. In re Reines*, 771 F.3d 1326, 1332–33 (Fed. Cir. 2014) (stating that First Amendment did not bar discipline where attorney distributed a complimentary email from a judge suggesting special relationship with attorney).

90006, 2024 WL 2013672, at *2 (2d Cir. May 7, 2024) (summary order).

Contrary to Jordan's suggestion, while Federal Rule of Appellate Procedure 46(b)(3) does require "a hearing . . . , if requested," before a suspension or disbarment decision is issued, it does not necessarily require an in-person hearing or oral argument. With respect to the similar hearing requirement of Rule 46(c), we previously concluded that the rule only required that the attorney be given an adequate opportunity to present his views to the Court, and that an in-person hearing is unnecessary where the facts and legal arguments are adequately presented in the briefs and record and oral argument would not significantly aid the Court's decisional process. *Id.*; *accord* Fed. R. App. P. 34(a)(2)(C) (requiring opportunity for oral argument in every case unless "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument"). That is true here.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5